UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALBERTO SALMON PECORA, and all others similarly situated under 29 U.S.C. 216(b),
    Plaintiff,
vs.

PRIME SECURITY ALLIANCE INC., ANAILY GONZALEZ and RUBEN ARVELIO BORRERO,
    Defendants.

CASE NO.: 2020-24478-MD

## JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AGAINST DEFENDANTS JOINTLY AND SEVERALLY

Plaintiff, ALBERTO SALMON PECORA (hereinafter Plaintiff), and Defendants, PRIME SECURITY ALLIANCE INC., ANAILY GONZALEZ and RUBEN ARVELIO BORRERO, (hereinafter Defendants) (collectively the "Parties"), by and through their respective undersigned counsel, and file the above-described Joint Motion and respectfully state as follows:

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a Consent Judgment in this matter as to Defendants, PRIME SECURITY ALLIANCE INC., ANAILY GONZALEZ and RUBEN ARVELIO BORRERO, jointly and severally. Defendants neither admit liability and Plaintiff does not admit a lack of liability. Defendants allege that Plaintiff was not an employee but rather an independent contractor. If Defendants would prevail at trial, Plaintiff would not be entitled to anything. If Plaintiff was to prevail at trial, the Defendants would argue that liquidated damages should not apply because they thought Plaintiff was an independent contractor and/or was not their employee. And as such, both Parties faced

risks at trial. Therefore, in order to avoid additional costs and the uncertainty of trial, the Parties have agreed to resolve this matter.

As part of the Consent Judgment, Plaintiff is receiving Thirty Thousand Dollars and 00/100 consisting of $29,000.00 for his overtime and minimum wage claims representing approximately 82% of Plaintiff's liquidated (doubled) wage claims. Plaintiff's entire wage claim ***doubled*[1]** is *approximately* $35,400.16[2]. Of the $29,000.00 being allocated to Plaintiff's wage claims, $19,838.90 represents unpaid overtime wages (68.41% of Plaintiff's total claim is overtime wages and therefore this amount is 68.41% of the $29,000.00) and $10,677.80 represents unpaid minimum wages (31.59% of Plaintiff's total claim is minimum wages and therefore this amount

---

[1] See attached Exhibit.A for a detailed breakdown of Plaintiff's *minimum wage and overtime claims* which was prepared after discovery ensued which factored in money that Plaintiff received as a result of washing and cleaning semi-trailer trucks which were parked on the Defendants' lot during the relevant time period.

[2] In this case, there were no time records showing the extent of Plaintiff's weekly work for the Defendants. Defendants stated that Plaintiff was not their employee and merely frequented the subject parking lot to hang out and wash trucks to earn money. Therefore, Plaintiff's overtime claims are based on his best *approximation* pursuant to <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946) (superceded by Statute, in part, on other grounds). Therefore, since Plaintiff is receiving approximately 82% of his best approximation of his overtime claims *doubled*--if the Defendants satisfy the consent judgment--the Court should determine that his claims are/will be fully compensated. Fully compensated overtime claims do not require Court approval at all according to <u>Mackenzie v. Kindred Hosps. E., L.L.C.</u>, 276 F. Supp. 2d 1211 (M.D. Fla. 2003). However, Judge Becerra recently authored an opinion finding this to be an unresolved question. "here, as to the satisfaction of Plaintiffs' wage claims, Plaintiffs accepted offers of judgment that provided them with a full recovery. Indeed, Plaintiffs received the entire amount of wages they claimed were owed, including liquidated damages. As such, as to Plaintiffs, there can be no question that the Settlement Agreement is fair and reasonable. See <u>Romeo v. Colonial Imports, Ltd.</u>, No. 6:16-CV-876-ORL-40GJK, 2016 WL 7644854, at *3 (M.D. Fla. Dec. 15, 2016), *report and recommendation adopted*, No. 6:16-CV-876-ORL-40GJK, 2017 WL 36373 (M.D. Fla. Jan. 4, 2017) (citing <u>Lynn's Food Stores</u>, 679 F.2d. at 1354–55); *see also* <u>Natera v. Mastercorp of Tenn., Inc.</u>, No. 6:08-CV-2088-ORL-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"). <u>Mejia v. Com. Driver's License Sch., Inc.</u>, No. 1:20-CV-20575-KMM, 2021 WL 1893065, at *3 (S.D. Fla. Feb. 10, 2021).

is 31.59% of the $29,000.00). Plaintiff is receiving an additional $1,000[3] for his general release of all claims, confidentiality, and non-monetary provisions of the consent judgment. Plaintiff has no other claims against these Defendants, but was an important element for the Defendants in the negotiation process; therefore, the additional $1,000 paid to him is reasonable consideration for the non-monetary terms of the consent judgment. Likewise, Defendants are releasing Plaintiff from all claims as part of the consent judgment.

The results obtained for the Plaintiff here are exceptional. The Parties stipulate that the Court should retain jurisdiction over enforcement of the judgment. Plaintiff's recovery of $30,000.00 and the amount for attorney's fees and costs were negotiated separately as the result of a recent second mediation conference and continued settlement discussions thereafter. Counsel for the Plaintiff took seven (7) depositions, participated in defending Plaintiff's deposition, attended a discovery hearing to compel production of documents, attended two (2) mediations, filed a Motion in Limine and all other required pretrial documents/pleadings, filed a Motion for Summary Judgment and related pleadings, conducted extensive discovery due to Defendants defenses regarding the Plaintiff's employee status, FLSA jurisdiction, the $500,000 annual income threshold and interstate commerce. The Parties respectfully request that the Court use its own expertise and determine that the settlement is reasonable. The amount of costs incurred by Plaintiff's Counsel is $6,531.80. If Plaintiff's Counsel was to bill at his and his paralegal's regular hourly rates for *all* the time incurred for the prosecution of Plaintiff's claims, the resulting amount

---

[3] Plaintiff will receive $30,000 total from the consent judgment if the Defendants pay off before October 31st, 2022; if the Defendants do not pay the $150,000 by October 31st, 2023 and Plaintiff later is able to collect the full consent judgment amount of $175,000 at a later date, then Plaintiff will receive, pro-rata, his share of the additional $25,000 which would be an additional $6,250 or 25% of the additional amount.

would markedly exceed the $113,468.20 in fees that will be received if the consent judgment is satisfied before October 31st, 2023.

WHEREFORE, the said Parties respectfully request that the Court enter the attached Stipulated Consent Judgment as to Defendants, PRIME SECURITY ALLIANCE INC., ANAILY GONZALEZ and RUBEN ARVELIO BORRERO, jointly and severally; (2) retaining jurisdiction over enforcement of the Consent Judgment; and (3) deny as moot all pending motions.

Respectfully submitted on this 21st day of September 2022.

| | |
|---|---|
| By:*/s/ J.H. Zidell*<br>J.H. Zidell, Esq.<br>J.H. Zidell, P.A.<br>Email: zabogado@aol.com<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Telephone: (305)-865-6766<br>Facsimile: (305)-865-7167<br>*Attorney for Plaintiff* | By: */s/ Yelina Angulo, Esq.*<br>Angulo Diaz Law Group, P.A.<br>Yelina Angulo, Esq.<br>782 NW 42 Ave, Suite 630<br>Miami, Florida 33126<br>Tel. No. (305) 468-9564<br>Fax. No. (305) 675-2684<br>E-Mail: service@angulodiazlaw.com<br>Fla. Bar No. 111339<br>*Attorney for Defendants* |